## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SEMEITOUS FRANCIS o/b/o A.B.**                           **CIVIL ACTION**


**VERSUS**                                                 **NO.  18-13862**


**ANDREW SAUL, COMMISSIONER OF THE**                       **SECTION: "G"(4)**
**SOCIAL SECURITY ADMINISTRATION**

### ORDER AND REASONS

Before the Court is Plaintiff Semeitous Francis' ("Plaintiff") "Motion for Attorney's Fees and Costs under the Equal Access to Justice Act."[1] Defendant the Commissioner of the Social Security Administration (the "Commissioner") opposes the motion in part.[2] Having considered the motion, the memoranda in support and in opposition, the record, and applicable law, for the reasons that follow, the Court grants the motion in part and denies it in part.

### I. Background

On December 14, 2018, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of Defendant denying her claim on behalf of her minor daughter, A.B., for supplemental security income ("SSI") under the Social Security Act (the "Act").[3] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On May 22, 2019, the Commissioner answered the Complaint.[4]

---

[1] Rec. Doc. 27.

[2] Rec. Doc. 29.

[3] Rec. Doc. 1.

[4] Rec. Doc. 12.

On March 2, 2020, the Magistrate Judge recommended that this Court affirm the ALJ's decision denying Plaintiff's application for SSI on behalf of A.B.[5] After Plaintiff filed timely objections to the Report and Recommendation, the Court reviewed Plaintiff's claims *de novo*.[6] On March 30, 2020, the Court declined to adopt the recommendation and remanded this matter to the ALJ pursuant to 42 U.S.C. § 405(g) for a new hearing.[7]

Plaintiff filed the instant motion for attorney's fees on June 30, 2020.[8] On July 7, 2020, the Commissioner filed an opposition to Plaintiff's motion for attorney's fees.[9]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of Motion for Attorney's Fees*

Plaintiff asserts that she is entitled to attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[10] Plaintiff contends that she is a prevailing party under the EAJA.[11] Therefore, she argues that she is entitled to attorney's fees unless the Commissioner can prove that her position in this matter was "substantially justified."[12]

---

[5] Rec. Doc. 19 at 17.

[6] Rec. Doc. 24.

[7] *Id.*

[8] Rec. Doc. 27.

[9] Rec. Doc. 28.

[10] Rec. Doc. 27-1 at 1.

[11] *Id.* at 2.

[12] *Id.*

Plaintiff requests attorney's fees in the amount of $5,947.50.[13] This amount is based on an hourly rate of $195.00 and 30.50 hours of work.[14] She argues that the hourly rate of $195.00 is calculated on the basis of the $125.00 hourly rate authorized by the EAJA enhanced by the increase in the cost of living.[15] Plaintiff also requests recovery of court costs, but she does not specify the costs she is seeking to recover.[16] Finally, Plaintiff submits an executed assignment of rights to any attorney's fees under the EAJA fees to her attorney, Robyn R. Griffin.[17]

**B.      *The Commissioner's Memorandum in Opposition***

The Commissioner filed a memorandum in opposition disputing the request for recovery of costs, the hourly rate requested by Plaintiff, and the request that fees be awarded to Plaintiff rather than her attorney.[18] First, the Commissioner objects to Plaintiff's request for recovery of costs because Plaintiff proceeded *in forma pauperis* in this litigation.[19] The Commissioner notes that the relevant statute instructs that the United States shall not be liable for costs incurred in a case where an individual proceeds *in forma pauperis*.[20] Therefore, the Commissioner argues that costs should not be awarded to Plaintiff in this case.[21]

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 27-3.

[18] Rec. Doc. 29.

[19] *Id.* at 1.

[20] *Id.* at 1–2 (citing 28 U.S.C. § 1915(f)(1)).

[21] *Id.* at 2.

Second, the Commissioner asserts that the Court should award attorney's fees consistent with the Consumer Price Index for the South Urban B area ("CPI-B").[22] According to the Commissioner, the CPI-B suggests an EAJA rate of $191.85 per hour for work performed in 2018 and $194.36 per hour for work in 2019 and 2020.[23] Therefore, the Commissioner argues that the award in this case should be $1,103.14 for 2018 ($191.85 × 5.75 hours); $2,089.37 for 2019 ($194.36 × 10.75 hours) and $2,721.04 ($194.36 ×14 hours) for a total of $5,913.55.[24] Finally, the Commissioner notes that the Supreme Court has held that EAJA awards are payable directly to Plaintiff, as the prevailing party, not the attorney.[25]

### III. Law and Analysis

Under the EAJA, the Court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[26] Here, Plaintiff is a prevailing party entitled to attorney's fees under the EAJA. Moreover, the Commissioner does not argue that her position was substantially justified or that special circumstances make an award of attorney's fees unjust. Instead, the Commissioner only disputes the request for recovery of costs and the hourly rate requested by Plaintiff.

---

[22] *Id.*

[23] *Id.* at 3.

[24] *Id.*

[25] *Id.* at 4 (citing *Astrue v. Ratliff*, 560 U.S. 586, 591–598 (2010)).

[26] 28 U.S.C. § 2412(d)(1)(A).

Plaintiff requests recovery of court costs, but she does not specify the costs she is seeking to recover.[27] Pursuant to 28 U.S.C. § 1915(f)(1), "the United States shall not be liable for any of the costs [] incurred" in a case where the plaintiff proceeds *in forma pauperis*.[28] Accordingly, Plaintiff is not entitled to the recovery of court costs.

Plaintiff requests that the Court award fees at an hourly rate of $195.[29] The Commissioner asserts that the Court should award attorney's fees consistent with the CPI-B.[30] According to the Commissioner, the CPI-B suggests an EAJA rate of $191.85 per hour for work performed in 2018 and $194.36 per hour for work in 2019 and 2020.[31] Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability of qualified attorneys for the proceedings involved, justifies a higher fee."[32] The district court has discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate for attorney's fees in a particular market.[33]

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."[34] The EAJA was

---

[27] Rec. Doc. 27-1 at 2.

[28] 28 U.S.C. § 1915(f)(1).

[29] Rec. Doc. 27-1 at 2.

[30] Rec. Doc. 29 at 2.

[31] *Id.* at 3.

[32] 28 U.S.C. § 2412(d)(2)(A)(ii).

[33] *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) ("The Equal Access to Justice Act vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. . . . These factors are market based.").

[34] *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour. Therefore, the Court looks to the cost-of-living increase from March 1996.[35] Plaintiff has provided no evidence of the increase in the cost of living in the New Orleans area during that period. The Commissioner asserts that the CPI-B is the appropriate metric.[36]

According to the Bureau of Labor Statistics report, the CPI-B rate was $100 in 1996.[37]  The CPI-B rate is $154.447 for 2018, $155.489 for 2019, and $156.169 for the first half of 2020.[38] Accordingly, the CPI-B has increased approximately 54.5 percent from 1996 to 2018, 55.5 percent from 1996 to 2019, and 56.2 percent from 1996 to present. A 54.5 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $193.13; a 55.5 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $194.38; and a 56.2 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $195.25. Considering that the majority of the work performed occurred in 2019, the Court will round the hourly rate to $194 for all work performed in the instant case. Applying the hourly rate of $194 to the 30.50 hours of attorney time expended by Plaintiff's counsel yields a fee of $5,917.

Finally, Plaintiff urges the Court to make the fees award payable to her attorney. Plaintiff submits a signed assignment of fees stating that she "assign[s] any and all rights to any attorney fees payable under the Equal Access of Justice Act to [her] attorney, Robyn R. Griffin, and []

---

[35] *Id.*

[36] The Court takes judicial notice of the information in the Consumer Price Index. Fed. R. Evid. 201.

[37] *See* https://data.bls.gov/timeseries/CUURN300SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited Aug. 7, 2020).

[38] *Id.*

consent[s] to the payment of those fees directly to [her] attorney."[39] In *Astrue v. Ratlif*, the Supreme Court held that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[40] Following this binding precedent, the Court will award attorneys' fees to Plaintiff, rather than her attorney.

## IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's "Motion for Attorney's Fees" to the extent that it requests that the Court award attorney's fees. The Court denies the motion to the extent that it requests recovery of court costs. The Court also limits the hourly rate to $194 for all work performed in the instant case. Finally, the Court award attorney's fees to Plaintiff rather than Plaintiff's attorney. Accordingly,

---

[39] Rec. Doc. 27-3.

[40] 560 U.S. 586, 589 (2010).

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act"[41] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Semeitous Francis is awarded attorneys' fees in the amount of $5,917, representing 30.5 hours of work at a rate of $194 per hour.

**IT IS FURTHER ORDERED** that attorney's fees are to be awarded directly to Plaintiff.

**NEW ORLEANS, LOUISIANA,** this ___28th___ day of August, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[41] Rec. Doc. 27.

8